IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CR-117-D-1
No. 7:16-CV-229-D

| | | |
|---|---|---|
| DARRELL MAUPIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On April 27, 2015, pursuant to a plea agreement, Darrell Maupin ("Maupin") pleaded guilty to using, carrying, and brandishing a firearm during and in relation to a drug trafficking crime and aiding and abetting (count two), and to possession of a firearm and ammunition by a felon (count three and count four). See [D.E. 1, 97, 216, 224]. On September 15, 2015, the court held Maupin's sentencing hearing. See [D.E. 223]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report. See Fed. R. Crim. P. 32(i)(3)(A)-(B); [D.E. 225] 1. The court calculated Maupin's total offense level to be 18, his criminal history category to be II, and his advisory guideline range to be 84 months' imprisonment on count two, and 30–37 months' imprisonment on counts three and four. See [D.E. 225] 1. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Maupin to 84 months' imprisonment on count two, and 36 months' imprisonment on counts three and four, to run consecutively, for a total sentence of 120 months' imprisonment. See [D.E. 224] 2, 4. Maupin did not appeal.

On June 27, 2016, Maupin moved for a sentence reduction under 28 U.S.C. § 2255 and Johnson v. United States, 135 S. Ct. 2551 (2015) [D.E. 227]. On December 5, 2016, the government

moved to dismiss Maupin's motion for failure to state a claim upon which relief can be granted [D.E. 231] and filed a supporting memorandum [D.E. 232].

Maupin cannot use Johnson retroactively to challenge his advisory guideline range. See, e.g., Beckles v. United States, 137 S. Ct. 886, 895–97 (2017); United States v. Mack, 855 F.3d 581, 584–85 (4th Cir. 2017); United States v. Lee, 855 F.3d 244, 246–47 (4th Cir. 2017). Moreover, Maupin's sentence had nothing to do with the residual clause, the Armed Career Criminal Act, or the career offender guideline. See [D.E. 232] 3. Thus, Johnson provides no relief.

After reviewing the claim presented in Maupin's motion, the court finds that reasonable jurists would not find the court's treatment of Maupin's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In sum, the court GRANTS the government's motion to dismiss [D.E. 231], DISMISSES Maupin's section 2255 motion [D.E. 227], DENIES Maupin's motion to appoint counsel [D.E. 234], and DENIES a certificate of appealability.

SO ORDERED. This 26 day of June 2017.

JAMES C. DEVER III
Chief United States District Judge