IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CR-117-D-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DARRELL MAUPIN, | ) | |
| | ) | |
| Defendant. | ) | |

On July 28, 2020, Darrell Maupin ("Maupin") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 277]. On September 11, 2020, Maupin filed a memorandum in support [D.E. 280]. On September 25, 2020, the United States responded in opposition [D.E. 283]. On September 29, 2020, Maupin replied [D.E. 284]. As explained below, the court denies Maupin's motion.

On April 27, 2015, pursuant to a written plea agreement, Maupin pleaded guilty to using, carrying, and brandishing a firearm during and in relation to a drug trafficking crime and aiding and abetting (count two), and to possession of a firearm and ammunition by a felon (counts three and four). See [D.E. 1, 97, 216]. On September 15, 2015, the court held Maupin's sentencing hearing. See [D.E. 224]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 225]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Maupin's total offense level to be 18, his criminal history category to be II, and his advisory guideline range on counts three and four to be 30 to 37 months' imprisonment and 84 months' consecutive imprisonment on count two. See [D.E. 225]. After thoroughly considering all relevant factors under

18 U.S.C. § 3553(a), the court sentenced Maupin to 36 months' concurrent imprisonment on counts three and four and 84 months' consecutive imprisonment on count two, for a total sentence of 120 months' imprisonment. See id.; [D.E. 224]. Maupin did not appeal.

On June 27, 2016, Maupin moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See [D.E. 227]. On June 26, 2017, the court dismissed Maupin's motion. See [D.E. 236, 237]. Maupin did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5249 (2018). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission ("Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially restates section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the

2

safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Nevertheless, section 1B1.13 provides applicable policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See, e.g., United States v. Clark,

---

                percent of his or her term of imprisonment, whichever is less.

    (C)    Family Circumstances.—

            (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

            (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D)    Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

No. 1:09-cr-336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished). In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id.; Dinning v. United States, No. 2:12-cr-84, 2020 WL 1889361, at *2 (E.D. Va. Apr. 16, 2020) (unpublished).

Maupin is age 62 and seeks compassionate release pursuant to section 3582(c)(1)(A)(i). In support, Maupin relies on the "other reasons" policy statement in application note 1(D) to U.S.S.G. § 1B1.13. See [D.E. 277]. Specifically, Maupin cites the COVID-19 pandemic and his diabetes, chronic obstructive pulmonary disease (COPD), myasthenia gravis, enlarged prostate, cardiac issues, obesity, and asthma. See id. at 1; [D.E. 280] 4, 10–11; [D.E. 280-2] (medical records).

Maupin has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). See [D.E. 283] 4. Accordingly, the court addresses Maupin's claims on the merits.

As for the "other reasons" policy statement, the court assumes without deciding that Maupin's diabetes, COPD, myasthenia gravis, enlarged prostate, cardiac issues, obesity, and asthma, coupled with the COVID-19 pandemic, are extraordinary circumstances consistent with application note 1(D). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Maupin's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Ruffin, Nos. 16-CR-729 (VM), 17-CR-136 (VM), 2020 WL 3547772, at *3 (S.D.N.Y. June 30, 2020) (unpublished); Clark, 2020 WL 1874140, at *3–8. Maupin engaged in serious criminal conduct. He conspired to rob a home he believed contained large amounts of marijuana and electronics. See PSR [D.E. 221] ¶ 6. Maupin devised the robbery plan

5

and provided his coconspirators with a stolen shotgun he purchased from a gang member. See id. at ¶¶ 6–8. After arresting Maupin for the conspiracy and robbery, officers recovered five firearms and hundreds of rounds of ammunition from Maupin's home. See id. at ¶ 8. While released on a personal recognizance bond, Maupin fled to California in order to avoid prosecution. See id. at ¶ 5. Moreover, Maupin is a violent recidivist with nine prior felony convictions and numerous misdemeanor convictions. See id. at ¶¶ 14–26. In 1980, Maupin and his co-defendant stabbed and shot a victim to death in the course of an attempted robbery. See id. at ¶ 18. Nonetheless, Maupin has taken some positive steps while incarcerated. See [D.E. 280] 9; [D.E. 77-2]; cf. Pepper v. United States, 562 U.S. 476, 480 (2011). Having considered the entire record, Maupin's medical conditions, the steps that the BOP has taken to address COVID-19 and to treat Maupin, the section 3553(a) factors, Maupin's arguments, and the need to punish Maupin for his criminal behavior, to incapacitate Maupin, to promote respect for the law, to deter others, and to protect society, the court declines to grant Maupin's motion for compassionate release.

In sum, the court DENIES Maupin's motion for compassionate release [D.E. 277].

SO ORDERED. This 6 day of November 2020.

JAMES C. DEVER III
United States District Judge

6

Case 7:13-cr-00117-D   Document 286   Filed 11/06/20   Page 6 of 6